UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREY M FARAFONOV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01099-JPH-TAB |
| | ) | |
| IFUNEAYA LICHENA NWOSISI, | ) | |
| RYAN WILSON MEARS, | ) | |
| MICHELL WAYMIRE, | ) | |
| PEGGY HART, | ) | |
| MICHELL LEE WALL, | ) | |
| LEWIS MELLISA, | ) | |
| KAUP CLAIRE MARGARET, | ) | |
| LAUREN MICHELL HISSON, | ) | |
| TERRY RAYMOND CURRY, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff Andrey Farafonov is an inmate confined to Marion County Jail in Indianapolis, Indiana. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names the following defendants: Ifuneaya Lichena Nwosisi, Marion County Prosecutor Ryan Mears, Michell Waymire, Marion County Superior Court Magistrate Peggy Hart, Michell Lee Wall, Lewis Mellisa, Marion County Deputy Prosecutor Kaup Claire Margaret, Lauren Michell Hisson, and former Marion County Prosecutor Terry Curry.

The allegations in the complaint are difficult to discern. The only defendant mentioned in the complaint's statement of facts is Michelle Wall. The Court now reproduces the statements in the section of the complaint where Michelle Wall is mentioned:

> I've been misled or lied to about 'criminal side' of it for cover up, falsely keeping me in privately owned facility and restraining me from taking legal civil action. Making false promises about upcoming court dates, and never honoring their words. After seventeen month of torture, intimidation, several assaults, and evil influence of Nigirian (sic) foreign to my religion employees, I was black mailed while one of the mediators Michell Lee Wall called 'land line' the night before my release hearing scheduled for 12/10/21 at 9:30 am (Judicial Officer: Hawkins, Grant W.; Locat. W-30 AKA (Negotiating Contract Consent). 'I firmly said that I'm not going to make any kind of negotiation from where I was.' All that was done in front of Chaplain Porter on 12/9/21 approx. 4:30 pm (former Studabaker Bldng.). Hearing never took place like it was supposed to. Mask up used agains and allegedly taking me to wrong court room 20, That's when I smelled 'fishy business' (Ponzi Scheme). Immediately declared pro se for record purposes.

Dkt. 1, p. 3.

The Court takes judicial notice of Mr. Farafonov's pending criminal charges. *See* Indiana Cause Nos. 49D31-1908-F5-31596, 49D31-2005-F5-15981, 49D31-2101-CM-114. The Court notes that Michelle Wall is listed as defense counsel on these online case chronologies.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be **dismissed for failure to state a claim upon which relief may be granted**.

Liberally construed, the complaint alleges that Mr. Farafonov has been held in Marion County Jail for seventeen months. He had a hearing in December 2021, possibly a guilty plea hearing or pretrial conference, but was taken to the wrong court room. These allegations, even liberally construed, do not state a constitutional violation.

As explained below, the Court will give Mr. Farafonov an opportunity to file an amended complaint. He is reminded that to state a claim against an individual defendant under § 1983, he must allege that the defendant was personally involved in committing a constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Criminal defense attorneys may not be sued under § 1983 even if they are paid by public funds. *Polk County v. Dodson*, 454 U.S. 312, 324 (1981); *Stewart v. City of Chicago*, 513 F. App'x 619, 620 (7th Cir. 2013). Mr. Farafonov may not seek release from confinement by filing a civil rights lawsuit; to seek release, he will need to file a petition for a writ of habeas corpus. *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."). The Court cannot convert a civil rights lawsuit into an action for a writ of habeas corpus. *Glaus v. Anderson*, 408 F.3d 382, 388-89 (7th Cir. 2005).

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is dismissed.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow Mr. Farafonov to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **21 days from the issuance of this Order to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, Mr. Farafonov may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, 1:22-cv-1099-JPH-TAB and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore,

it must set out every defendant, claim, and factual allegation that Mr. Farafonov wishes to pursue in this action.

If Mr. Farafonov files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED**.

Date: 8/24/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANDREY M FARAFONOV
518962
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203