UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREY M FARAFONOV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01099-JPH-TAB |
| ) | |
| IFUNEAYA LICHENA NWOSISI, ) | |
| RYAN WILSON MEARS, ) | |
| MICHELL WAYMIRE, ) | |
| PEGGY HART, ) | |
| MICHELL LEE WALL, ) | |
| LEWIS MELLISA, ) | |
| KAUP CLAIRE MARGARET, ) | |
| LAUREN MICHELL HISSON, ) | |
| TERRY RAYMOND CURRY, ) | |
| ) | |
| Defendants. ) | |

**Order Dismissing Amended Complaint and Providing Final Opportunity to Amend**

Andrey M. Farafonov, an inmate at Marion County Jail, has filed this lawsuit alleging violations of his civil rights. As explained below, Mr. Farafonov's amended complaint is **dismissed for failure to state a claim upon which relief may be granted**. Mr. Farafonov may file a second amended complaint by **February 10, 2023**. Failure to meet this deadline will result in the dismissal of the action without further warning.

**I. Screening Standard**

The Court will dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court applies the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. The Amended Complaint

The amended complaint does not list any defendants. Mr. Farafonov states that his "#1 priority today is to free my name / myself not only from Marion County Jail, but Redtape Bureaucracy in general." Dkt. 8, p. 2. He does not request additional relief.

The amended complaint alleges that Mr. Farafonov was subjected to forceful restraint by Marion County sheriff's deputies on two occasions. On June 21, 2022, Deputy C. Terry sought to obtain a document from Mr. Farafonov. Deputy Terry "placed [Mr. Farafonov's] hands in cuffs behind [his] back and pressed w/ his knee on [Mr. Farafonov's] left thigh until [he] let go of the document." *Id.* On September 1, 2022, Deputy Vise forcibly removed Mr. Farafonov from the courtroom after Mr. Farafonov had an argument with the Judge, causing Mr. Farafonov to lose his shoes and fall on his back. *Id.* at 2-3. Deputy Vise initiated an emergency alarm, which resulted in multiple sheriff's deputies arriving to escort Mr. Farafonov back to the jail. *Id.* These deputies "point[ed] guns in [Mr. Farafonov's] face until [his] handcuffs [were] taken off." *Id.*

## III. Discussion

The amended complaint is **dismissed for failure to state a claim upon which relief may be granted**, for three reasons.

First, the amended complaint does not list any defendants. Mr. Farafonov must identify the individuals or entities he wishes to hold liable in this lawsuit in order to proceed. Although the amended complaint references certain individuals, the Court will make not make strategic pleading

choices on Mr. Farafonov's behalf or assume that he wishes to bring certain parties into this lawsuit unless he explicitly lists those parties as defendants.[1]

Second, Mr. Farafonov seeks release from custody, which he may not obtain in a civil rights lawsuit. *See Savory v. Lyons*, 469 F.3d 667, 671 (7th Cir. 2006) (holding that a writ of habeas corpus is the "sole avenue open to a prisoner challenging the fact or duration of his confinement, directly or indirectly.").

Third, the amended complaint does not set forth sufficient facts to state a claim for relief. An inmate may sue for allegations of excessive force, but only if force was applied unreasonably, in the case of a pretrial detainee suing under the Fourteenth Amendment, or with deliberate indifference, in the case of a convicted prisoner suing under the Eighth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Courts must account for the "legitimate interests that stem from the need to manage the facility in which the individual is detained, appropriately deferring to policies and practices that in the judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security." *Id.* (cleaned up).

In this case, the amended complaint alleges that Deputy Terry took Mr. Farafonov to the ground and held him there until Mr. Farafonov handed over a document. The amended complaint also alleges that Deputy Vise forcibly removed Mr. Farafonov from the courtroom during Mr. Farafonov's argument with the Judge and called for backup to escort Mr. Farafonov from the courtroom to the jail. Without more, the amended complaint does not provide enough context to create a reasonable inference that these actions were performed unreasonably or with deliberate indifference. *Cf. Normal v. City of Lake Station*, 845 F. App'x 459, 461 (7th Cir. 2021) (plaintiff's "sparse allegations fall short of stating a claim" where the complaint states simply that the officer

---

[1] The defendants listed in the caption of this Order were listed as defendants in the original complaint. None of those defendants are referenced in the amended complaint.

3

"felt and grabbed on" her while "searching her" and that she was doubled-locked in handcuffs with her hands behind her back for sixty minutes during a lawful arrest); *Kim v. Ritter*, 493 F. App'x 787, 789 (7th Cir. 2012) (arrestee failed to state an excessive force claim where the officer "immobilized [arrestee] on the ground with his knee and handcuffs. This modest use of force to prevent flight from arrest is not excessive.").

If Mr. Farafonov chooses to file a second amended complaint, he should describe the events leading up to the application of force in detail, including his own behavior and the behavior of the officers (e.g., was he resisting lawful commands or acting aggressively toward officers prior to the use of force, did the officers give him a reasonable opportunity to comply with their orders before applying force, and did the officers increase their use of force incrementally or apply a high level of force all at once). For pleading purposes, the Court will accept as true all of the allegations set forth in the second amended complaint, should Mr. Farafonov choose to file one. *Iqbal*, 556 U.S. at 678.

### III. Opportunity to Amend

The Court will provide Mr. Farafonov with a final opportunity to amend his complaint. The **clerk is directed** to provide Mr. Farafonov with a prisoner complaint form with his copy of this Order. **Mr. Farafonov must use this form if he chooses to file a second amended complaint**. If Mr. Farafonov chooses to file a second amended complaint, he must include the proper case number, "1:22-cv-1099-JPH-TAB," and the words "Second Amended Complaint" on the first page.

The second amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed,

the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Mr. Farafonov wants to pursue in this case.

If Mr. Farafonov files a second amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no second amended complaint is filed by **February 10, 2023**, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED**.

Date: 1/18/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANDREY M FARAFONOV
518962
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203

5